UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80166-Cr-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANA ROSA CAPLE, et al.,

Defendants.
_______________________________/

FILED BY ___ D.C.
OCT 31 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**STIPULATED STATEMENT OF FACTS**

**A. Elements of Offense**

By her signature below, the defendant understands and acknowledges that were this matter to have proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt as to Count 4 of the Indictment, which charges her with Knowingly Making a False Statement to a Federal Firearms Dealer Material to the Lawfulness of the Acquisition of a Firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), that:

(1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer;

(2) the Defendant knowingly made a false or fictitious statement, orally or in writing that was intended or likely to deceive the dealer; and

(3) the subject matter of the false statement was material to the lawfulness of the sale.

Under federal law in the Eleventh Circuit: "The identity of the purchaser is a constant that

is always material to the lawfulness of the purchase of a firearm under § 922(a)(6)." *United States v. Frazier*, 605 F.3d 1271, 1280 (11th Cir. 2010)(citing *United States v. Ortiz*, 318 F.3d 1030, 1036–37 (11th Cir. 2003). "[T]he identity of the true purchaser is a 'fact' material to the lawfulness of the sale, regardless of the eligibility of the true purchaser." *Id.* (citing *United States v. Phanphil*, 57 M.J. 6, 9 (U.S. Armed Forces 2002)).

**B. <u>Statement of Facts</u>**

Had this matter proceeded to trial, the United States would prove the following facts beyond a reasonable doubt, through admissible testimony and evidence, which the defendant agrees, by her signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above and in paragraph 1 of the Plea Agreement:

1. Matthew Busey, a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Industry Operations Investigator (IOI), tasked with conducting ATF's regulatory mission by regular inspections and investigations into regulated firearms dealers would testify that:

a. In each individual firearms purchase referenced below, the purchaser was obliged to fill out a ATF Form 4473 (Firearms Transaction Record) to determine whether they could lawfully purchase and take possession of the firearms in question. At all times material hereto, the ATF Form 4473's filled out by the defendant contained the following instructions for answering Question 21.a. "Actual Transferee/Buyer: For purposes of this form, you are the actual transferee/buyer if you are purchasing the firearm for yourself or otherwise acquiring the firearm for yourself....ACTUAL TRANSFEREE/BUYER EXAMPLES: Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith gives Mr. Jones the money for the firearm. Mr. Jones is NOT THE ACTUAL TRANSFEREE/BUYER of the firearm and must answer "NO" to question 21.a. The licensee

may not transfer the firearm to Mr. Jones. However, if Mr. Brown goes to buy a firearm with his own money to give to Mr. Black as a present, Mr. Brown is the actual transferee/buyer of the firearm and should answer "YES" to question 21.a."

b. The ATF Form 4473 further requires the prospective buyer to certify the truthfulness of their answers as follows: "I certify that the answers to Section A are true and correct. I am aware that ATF Form 4473 contains Important Notices, Instructions and Definitions. I understand that answering 'yes' to question 21.a if I am not the actual buyer of the firearm is a crime punishable as a felony."

2. ATF Special Agent (SA) Timothy Trenschel would testify that in March of 2022, he received a referral from an ATF IOI that an individual identified as Weslow Jerome CAPLE, Jr. (hereinafter "Weslow CAPLE"), the defendant's then-husband, had recently purchased at least twenty-one (21) AK-47-variant firearms from a single Federal firearms dealer (FFL) located in Palm Beach County, Southern District of Florida. All 21 had been purchased in just over 2 months. This repetitive purchase pattern of 21 nearly identical firearms struck both the IOI and SA Trenschel as extremely suspicious, and as traits indicative of straw-purchasing and firearms trafficking.

3. In view of the foregoing, on March 28, 2022, SA Trenschel arranged to conduct a voluntary interview of codefendant Weslow CAPLE at defendant CAPLE's residence in Palm Beach County, Florida, to inquire about his firearms purchases in regard to the AK-47 variant firearms. Upon arrival his residence, Weslow CAPLE agreed to speak to SA Trenschel in SA Trenschel's vehicle. During that recorded consensual interview, defendant CAPLE stated that he and his business partner, Christopher COLOME, were involved in a joint business venture, during which they jointly purchased numerous to resell

for profit. COLOME was supposedly then engraving the firearms, and they were both re-selling them for a profit. Weslow CAPLE neglected to note at that time his wife, however, that his then-spouse ANA ROSA CAPLE, the defendant in this case, had also purchased 8 firearms on his (Weslow CAPLE's) behalf.

3. Subsequent case investigation, to include the introduction of ATF Form 4473 business records for the sales, would establish that CAPLE's then-wife, defendant ANA CAPLE had purchased eight identical AK-47-variant firearms within six months. On April 1, 2022, SA Trenschel conducted a recorded non-custodial voluntary interview of defendant ANA CAPLE in a conference room she selected at her workplace located in Palm Beach County, Florida, concerning this matter. During this interview, defendant ANA CAPLE admitted buying the 8 rifles at Weslow CAPLE's request, for Weslow CAPLE's business, with money she understood to have been provided to Weslow CAPLE by Weslow CAPLE's customers. Defendant ANA CAPLE admitted to buying the 8 rifles for Weslow CAPLE on the following 3 dates:

a. May 26, 2021
b. July 16, 2021
c. November 9, 2021

4. When asked why she purchased rifles on behalf of her husband, defendant ANA CAPLE did not have an explanation. SA Trenschel observed that according to the firearms transaction records, on one occasion, defendant ANA CAPLE purchased four AK-47s, while Weslow CAPLE purchased 2 AK-47's on the same date, from the same federally licensed firearms dealer. When asked why she did this instead of Weslow CAPLE just purchasing all 6 AK-47's without involving defendant ANA CAPLE, she responded, "I don't know -- it's just, I don't know." Defendant ANA CAPLE stated she believed that Weslow

CAPLE made $2,000 to $3,000 per batch of firearms sold and $6,000 to $7,000 in total.

5. SA Trenschel would introduce a recording containing the following dialogue from a subsequent voluntary, non-custodian interview of defendant ANA CAPLE on April 1, 2022:

| | |
|---|---|
| S/A Trenschel: | I noticed that you'd bought some firearms and I'm trying to figure out where they are now? |
| ANA CAPLE: | Ok, well, those were his [Weslow CAPLE's] so, I don't know. |
| S/A Trenschel: | Ok, so all the ones that you had bought were just all for him? |
| ANA CAPLE: | Yes. |
| S/A Trenschel: | Where did he get the money from to buy these? |
| ANA CAPLE: | He, I don't know, gets it from people, whoever's gonna buy them and customize them. |
| S/A Trenschel: | Do you know where these guns are going? |
| ANA CAPLE: | No idea. |

6. Defendant ANA CAPLE advised that she knew that her husband meets his customers "either from work, friends, [or] the bar he goes to" and she knew that his customers pay him in cash. Defendant ANA CAPLE further explained CAPLE sent her the money to purchase the firearms via PayPal, which was linked to her bank account, and that CAPLE funds PayPal through Visa prepaid cards.

7. The three instances which ANA CAPLE falsified the ATF Form 4473 Firearms Transaction Records, during which she acquired 8 identical firearms (none of which she still owns, according to her own admission) occurred at two FFLs, Palm Beach Shooting Organization LLC (hereinafter "P.B.S.O."), located at 640 E. Ocean Ave. #14, Boynton Beach, Florida 33435; FFL: #1-59-099-01-3A-49***; and American Pawn Jewelry & Gun

LLC (hereinafter "APJG"), located at 150 N. Military Trail, West Palm Beach, FL 33415; FFL #1-59-099-02-3D-53***. SA Trenschel would testify he knows both FFLs to be located in Palm Beach County, in the Southern District of Florida. The ATF Form 4473s completed by defendant ANA CAPLE would establish the following firearms were purchased on the following dates at the identified FFLs:

1) 05/26/2021 (AK-47 – variant) P.B.S.O. Century Arms VSKA SV7056520
2) 07/16/2021 (AK-47 – variant) APJG Century Arms VSKA SV7060713
3) 07/16/2021 (AK-47 – variant) APJG Century Arms VSKA SV7064422
4) 07/16/2021 (AK-47 – variant) APJG Century Arms VSKA SV7056349
5) 07/16/2021 (AK-47 – variant) APJG Century Arms VSKA SV7060251
6) 11/09/2021 (AK-47 – variant) APJG Century Arms VSKA SV7089456
7) 11/09/2021 (AK-47 – variant) APJG Century Arms VSKA SV7089381
8) 11/09/2021 (AK-47 – variant) APJG Century Arms VSKA SV7086718

8. The ATF Form 4473 business records for each of the above purchases would establish that defendant ANA CAPLE listed herself as the actual buyer of aforementioned firearms in Question 21.a, when in truth and in fact, and as defendant ANA CAPLE then

and there well knew, she was not the actual buyer of the firearms, in that she was knowingly buying such firearms for and on behalf of another person.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: ______________________
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

______________________
ANA ROSA CAPLE
DEFENDANT

______________________ - Jacob A. Cohen - 162530
JACOB A. COHEN, ESQ.
ATTORNEY FOR DEFENDANT

Dated: 10-29-23
At West Palm Beach, Florida