UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80166-Cr-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANA ROSA CAPLE, et al.,

Defendants.
_________________________________/

FILED BY ___ D.C.
OCT 31 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PLEA AGREEMENT**

The United States of America (hereinafter "the United States" or "this Office"), and ANA ROSA CAPLE, (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 4 of the Indictment, which charges the defendant with Knowingly Making a False Statement to a Federal Firearms Dealer Material to the Lawfulness of the Acquisition of a Firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2). The defendant admits that she is, in fact, guilty of this offense.

2. In return for the defendant's plea of guilty to Count 4 of the Indictment, the government agrees to move to dismiss Counts 1, 2 and 3 of the Indictment as to the defendant at time of sentencing.

3. The United States further agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the

defendant's offense, pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines (USSG), based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and recommendation, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (4) moves to withdraw her guilty plea after a finding by the Court that such was knowingly and voluntarily made.

4. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, or at any trial or other Court proceeding; and, (b) appearing at hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition,

the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she that she will not commit any further crimes.

5. The Office of the United States Attorney for the Southern District of Florida reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence. In the event that a "substantial assistance" motion is filed with the Court, the defendant understands and agrees that a reduction of sentence, if any, below the mandatory minimum level (if applicable) or guideline sentence range is within the sole discretion of the Court and further, that the United States has not promised or suggested what recommendation the

United States intends to make to the Court concerning any possible reduction which may be appropriate.

6. **NON-BINDING SENTENCING STIPULATION**: The United States, the defendant, and defendant's counsel, hereby stipulate and agree with one another, that although not binding on the Court or United States Probation Office, that:

(a) USSG § 2K2.1 is the advisory Guidelines section applicable to the offense of conviction;

(b) USSG § 2K2.1(a)(7) is the Base Offense Level based on the facts of this case, which would be a Level 12;

(c) As to this defendant, the offense involved a total of eight (8) firearms, which pursuant to USSG § 2K2.1(b)(1)(B), would result in a four (4) level upward adjustment to a Level 16;

(d) No other upward adjustment criteria set forth in § 2K2.1(b) or (c) appear applicable to the defendant;

(e) Assuming the defendant complies with her obligations under Paragraph 3 of the Plea Agreement above, and the Court otherwise finds the defendant qualified, the defendant would receive a downward adjustment of 3 Levels for Acceptance of Responsibility pursuant to USSG § 3E1.1(a)-(b), resulting in an adjusted Guidelines Offense Level of 13, and a Criminal History Category of I (based on the defendant having no known criminal history), and an advisory Guidelines Range of 12-18 months' imprisonment.

7. The defendant is aware that her sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant acknowledges she has discussed and understands the application of the federal sentencing guidelines with her counsel, to include the application of "relevant conduct" under Section 1B1.3 of the Sentencing Guidelines. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

8. The Office of the United States Attorney for the Southern District of Florida and the defendant, reserve the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the Court and the probation

office of all facts pertinent to the sentencing process, including all relevant conduct information concerning the defendant and his background.

9. **MAXIMUM PENALTIES**: The United States and the defendant understand and agree that the Court may impose any sentence authorized by law and that the defendant may not withdraw ~~his~~ her plea solely as a result of the sentence imposed. As to Count 4 of the Indictment, to which the defendant is pleading guilty, the defendant understands and acknowledges she faces a maximum term of 10 (ten) years' imprisonment,[1] and a fine of up to two hundred and fifty thousand dollars ($250,000.00), to be followed by a maximum term of up to three (3) years' supervised release. The defendant also understands and acknowledges that if she were not a United States citizen, that her conviction for this offenses could subject her to deportation and removal from the United States.

10. The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed as to the count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment,

---

[1] The offense alleged in Count 4 of the Indictment case took place on November 9, 2021, prior to the June 25, 2022 enactment of The Bipartisan Safer Communities Act, Pub. L. No. 117–159, 136 Stat. 1313 (2022), which increased the statutory penalty for this offense to 15 years' imprisonment.

the defendant should be required to present evidence to the United States and the Court as to the reasons for ~~his~~ her failure to pay.

11. The defendant is aware that her sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. **ASSET FORFEITURE**:

(a) The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to firearm or ammunition involved in or used in the commission of the offense(s), in violation of 18 U.S.C. § 922(a)(6), or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(b) The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The

defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

(c) The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. **SENTENCING APPEAL WAIVER**: The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the

government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with ~~his~~ her attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant concerning ~~his~~ her change of plea. There are no other agreements, promises, representations, or understandings, with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/31/2023 By: ______________________
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 10-29-23 By: ______________________
JACOB A. COHEN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 10-29-23 By: ______________________
ANA ROSA CAPLE,
DEFENDANT